UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY JAMES RAY,<br><br>  Petitioner,<br><br>  v.<br><br>SCOTT KERNAN,<br><br>  Respondent. | No. 2:18-cv-0623 MCE AC P<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner is a state prisoner proceeding through counsel with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent's motion to dismiss is now before the court. ECF No. 10. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.  Procedural History

Petitioner filed a petition for writ of habeas corpus on March 22, 2018, alleging: (1) he was denied due process of law by the trial court's failure to give jury instructions on lesser included offenses to the charged murder; (2) there was insufficient evidence to support his murder conviction; and (3) trial counsel gave ineffective assistance by failing to present evidence that would impeach the testimony of the prosecution's prime witness. ECF No. 1 at 6-9. The court screened his petition and ordered respondent to file a response. ECF No. 3. Respondent subsequently filed a motion to dismiss the petition as untimely. ECF Nos. 6, 10.

1

Petitioner did not respond to the motion to dismiss. As a result, the court gave petitioner seven days to file and serve an opposition or statement of non-opposition to the motion to dismiss and explain why sanctions should not be imposed for the failure to timely respond to the motion. ECF No. 12. Petitioner has once again failed to respond and the undersigned will recommend that this action be dismissed for failure to prosecute and failure to comply with court orders.

II. <u>Dismissal for Failure to Follow a Court Order and Failure to Prosecute</u>

"District courts have inherent power to control their dockets," <u>Thompson v. Housing Auth.</u>, 782 F.2d 829, 831 (9th Cir. 1986), and "may dismiss an action for failure to comply with any order of court," <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (citing Fed. R. Civ. P. 41(b)).

> In determining whether to dismiss a case for failure to comply with a court order the district court must weigh five factors including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

<u>Id.</u> at 1260-61 (quoting <u>Thompson</u>, 782 F.2d at 831; <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423-24 (9th Cir. 1986)). The five-factor test is a balancing test, so not all five factors need to support dismissal for it to be found appropriate. <u>Valley Eng'rs Inc. v. Elec. Eng'g Co.</u>, 158 F.3d 1051, 1057 (9th Cir. 1998).

The first two factors indicate that the case should be dismissed. It is important that the court manage its docket without being subject to the routine noncompliance of litigants, <u>Ferdik</u>, 963 F.2d at 1261, and the public's interest in expeditious resolution of litigation always weighs towards dismissal, <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999). Here, the petitioner, who is represented by counsel, failed to meet the original deadline to respond to the motion to dismiss, and failed again after being ordered to respond and show cause for his failure. Petitioner's complete lack of response creates delay in the expeditious resolution of litigation and demonstrates an apparent abandonment of the case. Therefore, the first two factors weigh more heavily towards dismissal.

////

The risk of prejudice to respondent also weighs more heavily towards dismissal. The Ninth Circuit "has consistently held that the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure." Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (citing Alexander v. Pac. Mar. Ass'n, 434 F.2d 281 (9th Cir. 1970); Pearson v. Dennison, 353 F.2d 24 (9th Cir. 1968)). This is because "[t]he law presumes injury from unreasonable delay." Id. (citing States S.S. Co. v. Philippine Air Lines, 426 F.2d 803, 804 (9th Cir. 1970)). Here, plaintiff has done nothing to fulfill his responsibilities even after being given an opportunity to correct his failure to respond. Therefore, even though no actual prejudice has been shown, this factor weighs in favor of dismissal for failure to prosecute.

The fourth factor weighs against dismissal, since "public policy strongly favors disposition of actions on the merits." Yourish, 191 F.3d at 992 (citation and internal quotation marks omitted).

Finally, the availability of less drastic alternatives also weighs towards dismissal. The court does not need to explore every option before dismissing a case. Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). The court need only ensure that "possible and meaningful alternatives be reasonably explored, bearing in mind the drastic foreclosure of rights that dismissal effects." Id. Here, the court explored an alternative to dismissal. After petitioner failed to meet the deadline to respond to respondent's motion to dismiss, the court extended petitioner's time to respond and gave him an opportunity to show cause why sanctions should not be imposed for the failure to respond. ECF No. 12. However, even though he is represented by counsel, petitioner has failed to take any action. As a result of petitioner's apparent abandonment of this case, the court is justified in concluding that there are no less drastic alternatives, and the fifth factor weighs towards dismissal.

Four out of the five factors of analysis weigh more heavily towards dismissal. As a result, the court concludes that the circumstances of this case favor involuntary dismissal with prejudice.

Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed for failure to prosecute and for failure to comply with court orders. Fed. R. Civ. P. 41(b).

3

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 2, 2018

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE